IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DANIEL D. DILLARD, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | Civil Action No. 7:19-cv-00081-M |
| LORIE DAVIS, et al., | | |
| Defendants. | | |

### ORDER

Before the Court is the Motion for Temporary Restraining Order (ECF No. 297) and Declaration in Support (ECF No. 298), both filed by Plaintiff Daniel Dillard. Also before the Court is Defendants' Response (ECF No. 299).

Plaintiff Daniel D. Dillard, Texas prisoner #1400285, filed this suit under 42 U.S.C. § 1983 challenging a prison disciplinary conviction and his prolonged confinement in restrictive housing by the Texas Department of Criminal Justice. Plaintiff's allegations, as recited in the Verified First Amended Complaint, primarily relate to acts while he was held in the George Beto 1 Unit and James V. Allred Unit. *See* ECF No. 86. Plaintiff is currently housed in the Mark W. Michael Unit in Tennessee Colony, Texas.

On August 2, 2022, the Court accepted the Findings, Conclusions, and Recommendations of the Magistrate Judge, and denied Dillard's motion for partial summary judgment, granted the defendants' motion for summary judgment as to several claims, denied the defendants' motion for summary judgment based on, *inter alia*, qualified immunity, and entered a partial final

1

judgment. ECF No. 214, 235, 236. The Court's Order and Partial Final Judgment are currently on appeal to the United States Court of Appeals for the Fifth Circuit.[1] ECF Nos. 286, 296.

In his Motion for Temporary Restraining Order and accompanying Declaration, Plaintiff contends that he was assaulted by prison staff in November of 2023 and is being denied proper medical care, and seeks a Court order that:

> [D]efendants[], their successors, agents, employees and all persons acting in concert with them . . . provide Dillard with medical evaluation for his left eye and provide an up-to-date treatment plan, provide Plaintiff with adequate safety from defendants' agents (Sergeants Oluyemi Akinode, Daniel B. Manyango, Obadina S. Omoaka, Jonnie D. Rutledge, Lieutenant Daniel A. Lakin and Captain Erik L. Brannan), provide Dillard with a basis/justification for continuing his current housing, replacing Dillard's typewriter used for this litigation, and release Plaintiff to General Population status 2 pending the outcome of this litigation.

ECF No. 297 at 3.

The standard for a temporary restraining order ("TRO") is the same as the standard for a preliminary injunction. *Miss. Power & Light Co. v. United Gas Pipe Line C*o., 760 F.2d 618, 621 (5th Cir. 1985). To be entitled to a preliminary injunction, a movant must establish (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015) (quoting *Trottie v. Livingston*, 766 F.3d 450, 451 (5th Cir. 2014)). If a party fails to satisfy any one of the four elements, a district court may not grant a preliminary injunction. *Miss. Power*, 760 F.2d at 621. A preliminary injunction is an "extraordinary and drastic remedy" that is to be granted "only when the movant, by a clear

---

[1] Specifically, on September 21, 2023, the Fifth Circuit held the appeal in abeyance and remanded for the limited purpose of allowing the Court to rule on a pending Rule 59(e) motion. ECF No. 286. The Fifth Circuit specifically "retain[ed] jurisdiction over the appeal except for the purposes of the limited remand." *Id.* at 3. On November 3, 2023, the Court denied the Rule 59(e) motion. ECF No. 290. In addition, on January 2, 2024, Plaintiff filed an additional Notice of Interlocutory Appeal. ECF No. 295.

showing, carries the burden of persuasion" as to each element. *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 772 (N.D. Tex. 2012) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).  Determining whether to grant the temporary restraining order is within the sound discretion of the district court.  *Id.*

      As an initial matter, the pending appeal in this case divests this Court of jurisdiction with respect to any matters involved in the appeal, namely denial of qualified immunity against Defendants Reitsma, McGee, Miller, Bullard, Chavers, Denney, Fredricks, Davis, Smith, Holmes, Lozada, Washington, and Lumpkin.  *Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007) ("It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal.").

      To the extent Plaintiff seeks injunctive relief based on conduct by others—such as the Sergeants, Lieutenant, and Captain working at the Mark W. Michael Unit named in Plaintiff's Motion—the Court concludes that those claims presented by Plaintiff in his Motion for Temporary Restraining Order arise from different facts and circumstances than alleged by Plaintiff in his Amended Complaint, and thus are not properly before the Court.  *See Bucklew v. St. Clair*, No. 3:18-CV-2117-N (BH), 2019 WL 2251109, at *2 (N.D. Tex. May 15, 2019), *report and recommendation adopted*, 2019 WL 2249719 (N.D. Tex. May 24, 2019) ("[D]istrict courts within this circuit have found that a request for preliminary injunction must also be based on allegations related to the claims in the complaint.").  Here, where pleadings and discovery are both closed and summary judgment motions have been decided, Plaintiff cannot add new allegations against new would-be defendants by way of a request for injunctive relief.  Because of this, Plaintiff has not shown a likelihood of success on the merits, given that the allegations in his Motion relating to the November 2023 incident are not related to his § 1983 claims asserted

against Defendants based on First Amendment retaliation, Eighth Amendment conditions-of-confinement, and Fourteenth Amendment procedural due process.

For the foregoing reasons, the Court determines that Plaintiff has not carried his burden in establishing entitlement to the extraordinary remedy of injunctive relief in this action, and thus **DENIES** the Motion for Temporary Restraining Order.

However, in light of Plaintiff's pro se status, the Court liberally construes Plaintiff's allegations in the Motion, Memorandum, and Declaration in support as an attempt to file a new civil rights action, which should be severed from this action.

The events giving rise to the Plaintiff's new cause of action occurred in Tennessee Colony, Texas, which is located in Anderson County within the boundaries of the United States District Court for the Eastern District of Texas, Tyler Division. 28 U.S.C. § 124(c)(1). Therefore, venue is not proper in the United States District Court for the Northern District of Texas. A civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a). *See Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d

916, 919 (5th Cir. 1987) (a district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

The Court concludes that it is in the interest of justice to construe Plaintiff's new claim as a civil rights action and to sever and transfer it to the Eastern District of Texas, Tyler Division, where the events at issue occurred and where the Defendants involved are located.

Accordingly, the new claims raised in the Plaintiff's Motion for Temporary Restraining Order and Memorandum in support are **SEVERED** from this action and **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Tyler Division, for further proceedings.

The Clerk of the Court is **directed** to file a copy of the Motion, Memorandum, and Declaration in support (ECF No. 297–98) in a new civil rights action pursuant to 42 U.S.C. § 1983 (directly assigned, per Special Order 3-250, to the same District Judge) and effect the transfer in the newly opened case. The new case will list as Defendants Sergeants Oluyemi Akinode, Daniel B. Manyango, Obadina S. Omoaka, Jonnie D. Rutledge, Lieutenant Daniel A. Lakin and Captain Erik L. Brannan.

**SO ORDERED**.

January 23, 2024.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE